IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEWIS,

      **Plaintiff,**

      v.                                                       CASE NO. 24-3045-JWL

TOMMY WILLIAMS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Michael Lewis is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that in March 2023, he reported a concern regarding sanitation in his cell at EDCF. (Doc. 1, at 2.) Plaintiff alleges that he had an open wound on his foot that was bleeding, and the lack of bleach or cleaning supplies kept him from cleaning "biohazardous materials" and put him at risk of infection to his toes. *Id*. Plaintiff acknowledges that he receives cleaning supplies, but argues that it is not enough for two people living in one cell. *Id*.

Plaintiff alleges Defendants violated his Eighth Amendment rights, because he asked UTM Buchanan to provide him with cleaning supplies "to maintain enough sanitation to avoid infection to [his] toe" and she ignored Plaintiff. *Id*. at 3. Plaintiff wrote a letter to Warden Williams, but did not receive a reply. *Id*.

Plaintiff names Warden Williams and UTM Buchanan as defendants. Plaintiff seeks $1,000 in compensatory damages, and an order requiring Defendants to "provide sanitation/cleaning supplies more than 1 time a week and more than 6 oz. of bleach for 2 people in a cell in segregation/RHU (Restricted Housing Unit)." *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

### III.  DISCUSSION

#### 1.  Eighth Amendment

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*.  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).  The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted).  Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or

safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

The Tenth Circuit affirmed the dismissal of a prisoner's case where the prisoner alleged, among other things, that "[i]nmates are forced to live in an unclean environment and not given proper cleaning supplies." *White v. Whetsel*, 2001 WL 939337, at *1 (10th Cir. 2001) (unpublished). The Tenth Circuit noted that an inmate is required to "show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *Id*. (citing *Despain,* 264 F.3d at 973–974 (quoting *Farmer,* 511 U.S. at 834)).

Plaintiff claims he was at risk of getting an infection due to his open wound on his toe. He does not claim that he actually contracted an infection or that he asked for a bandage to cover

5

his bleeding wound.  Where a plaintiff claimed that he contracted a fungal infection due to the allegedly poor sanitation, this Court held that such a claim "fails to state a claim for relief . . . [s]uch claims have been rejected as speculative."  *Uman v. Hoffer*, 2011 WL 4496596, at *2 (D. Kan. 2011) (citing *see McCoy v. Kagel,* 2009 WL 331599, *3 (W.D. Okla. 2009) (rejecting as speculative plaintiff's claim that he contracted a viral infection because hygiene and cleaning supplies were not provided often enough during his confinement in jail)).

As noted above, the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered.  "[C]onditions, such as a filthy cell, may be 'tolerable for a few days.'"  *McBride*, 240 F.3d at 1291 (citation omitted).  "However, 'the length of time a prisoner must endure an unsanitary cell is [simply] one factor in the constitutional calculus'; equally important is 'the degree of filth endured.'"  *Id*. (citation omitted).  "In other words, 'the length of time required before a constitutional violation is made out decreases as the level of filthiness endured increases.'"  *Id*. (citations omitted).

Plaintiff alleges that the wound on his toe was bleeding.  This would seem to be a temporary condition, and not something requiring additional cleaning supplies on a consistent basis.  Plaintiff has not alleged that any other condition rendered his cell abnormally unsanitary. "Not surprisingly, human waste has been considered particularly offensive so that 'courts have been especially cautious about condoning conditions that include an inmate's proximity to [it]." *Id*. at 1292 (citations omitted).

Plaintiff acknowledges that he receives cleaning supplies.  He merely seeks to receive them more often than once a week and in a greater quantity.  Plaintiff alleges no facts showing that a defendant both knew of and disregarded an excessive risk to his health or safety.  Plaintiff's complaints regarding the conditions of his confinement at EDCF are subject to

dismissal for failure to state a claim of cruel and unusual punishment. Plaintiff should show good cause why his Eighth Amendment claim should not be dismissed.

### 2. Damages

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV. Motion to Appoint Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3). Plaintiff argues that he cannot afford counsel because he is in segregation without a job and owes $600 in fines. (Doc. 3, at 3.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**V. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 26, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 29, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE