IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL LEWIS,

      **Plaintiff,**

      v.                                                                              CASE NO. 24-3045-JWL

TOMMY WILLIAMS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On March 29, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until April 26, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that in March 2023, he reported a concern regarding sanitation in his cell at EDCF. (Doc. 1, at 2.) Plaintiff alleges that he had an open wound on his foot that was bleeding, and the lack of bleach or cleaning supplies kept him from cleaning "biohazardous materials" and put him at risk of infection to his toes. *Id*. Plaintiff acknowledges that he receives cleaning supplies, but argues that it is not enough for two people living in one cell. *Id*.

The Court found in the MOSC that Plaintiff failed to state an Eighth Amendment violation. Plaintiff alleges no facts showing that a defendant both knew of and disregarded an excessive risk to his health or safety. Plaintiff claims he was at risk of getting an infection due to his open wound on his toe. He does not claim that he actually contracted an infection or that he asked for a bandage to cover his bleeding wound. Where a plaintiff claimed that he contracted a

fungal infection due to the allegedly poor sanitation, this Court held that such a claim "fails to state a claim for relief . . . [s]uch claims have been rejected as speculative." *Uman v. Hoffer*, 2011 WL 4496596, at *2 (D. Kan. 2011) (citing *see McCoy v. Kagel,* 2009 WL 331599, *3 (W.D. Okla. 2009) (rejecting as speculative plaintiff's claim that he contracted a viral infection because hygiene and cleaning supplies were not provided often enough during his confinement in jail)).

As noted in the MOSC, the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered. "[C]onditions, such as a filthy cell, may be 'tolerable for a few days.'" *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted). "However, 'the length of time a prisoner must endure an unsanitary cell is [simply] one factor in the constitutional calculus'; equally important is 'the degree of filth endured.'" *Id*. (citation omitted). "In other words, 'the length of time required before a constitutional violation is made out decreases as the level of filthiness endured increases.'" *Id*. (citations omitted).

Plaintiff alleges that the wound on his toe was bleeding. The Court noted that this would seem to be a temporary condition, and not something requiring additional cleaning supplies on a consistent basis. Plaintiff has not alleged that any other condition rendered his cell abnormally unsanitary. "Not surprisingly, human waste has been considered particularly offensive so that 'courts have been especially cautious about condoning conditions that include an inmate's proximity to [it]." *Id*. at 1292 (citations omitted).

Plaintiff acknowledges that he receives cleaning supplies. He merely seeks to receive them more often than once a week and in a greater quantity. Plaintiff's complaints regarding the conditions of his confinement at EDCF fail to state a claim of cruel and unusual punishment.

The Court also found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC. The MOSC provided that ""[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 5, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 30, 2024, in Kansas City, Kansas.**

                                               **S/ John W. Lungstrum**
                                               **JOHN W. LUNGSTRUM**
                                               **UNITED STATES DISTRICT JUDGE**